UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EIKONA TECHNOLOGIES, INC., | ) | CASE NO. 5:06CV0275 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| HITACHI MEDICAL SYSTEMS | ) | |
| AMERICA, INC., | ) | (Resolving Doc. No. 4) |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Motion by Defendant Hitachi Medical Systems America, Inc.'s ("HMSA") to Compel Arbitration and to Dismiss or Stay the above action. (Docs. #4 & 5). Plaintiff Eikona Tehnologies, Inc., ("Eikona") filed a Response to the motion. (Docs. #6 & 7). Thereafter, a Reply brief was filed. (Doc. #8) For the reasons provided below, it is hereby determined that HMSA'S Motion to Compel Arbitration is GRANTED and the above action is STAYED.

It is first noted that Plaintiff does not dispute that this action should go to arbitration. Therefore, it is determined that Defendant's Motion to Compel Arbitration is unopposed. The only issue remaining before this Court is whether the action should be stayed or dismissed. Plaintiff requests that the action be stayed. Defendant requests the action be dismissed. Upon review, there appears to be no determining Sixth Circuit case law on point. Additionally, it appears that there is a split among the Circuits as to this issue. *Compare Lloyd v. Hovensa, LLC.*, 369 F.3d 263 (3rd Cir. 2004) (holding that the court would take the text of 9 U.S.C § 3 at face value and would stay proceedings as opposed to dismissing them), *and Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953,

955 (10th Cir. 1994), *with Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration."), *and Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) ("9 U.S.C. section 3 gives a court authority, upon application by one of the parties, to grant a stay pending arbitration, but does not preclude summary judgment when all claims are barred by an arbitration clause."), *and Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.")

    The plain language of the statute states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  Based on the above language, and absent any guidance on the issue from the Sixth Circuit, this Court hereby STAYS this action until completion of arbitration.  It shall be incumbent upon the parties to communicate to the Court when such arbitration has been completed.

    So ordered.
    Date: May 16, 2006

                                                    *s/ Judge John R. Adams*
                                                  JUDGE JOHN R. ADAMS
                                                  UNITED STATES DISTRICT COURT